UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| C.A., a minor, by NATHALIE ALLEN, her guardian ad litem, and NATHALIE ALLEN, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER, INC., a Delaware Corporation; PFIZER INTERNATIONAL LLC, a New York Limited Liability Corporation; J.B. ROERIG & CO., a New York Corporation; GREENSTONE LLC, a Delaware Limited Liability Company; McKESSON CORPORATION, individually and d/b/a NORTHSTAR RX LLC, a Delaware Corporation; and DOES 1 THROUGH 100, Inclusive,<br><br>Defendants. | Case No: C 13-4087 SBA<br><br>**ORDER GRANTING MOTION TO STAY PROCEEDINGS AND DENYING AMENDED MOTION TO REMAND**<br><br>Docket 16, 18 |

Plaintiffs C.A, a minor, by and through his mother and guardian ad litem, Nathalie Allen, and Nathalie Allen, individually, (collectively, "Plaintiffs") bring the instant products liability action against, among others, Pfizer, Inc., J.B. Roerig & Co., Pfizer International LLC, and Greenstone LLC (collectively, "Defendants"). Dkt. 1. The parties are presently before the Court on Plaintiffs' amended motion to remand, and Defendants' motion to stay proceedings. Dkt. 16, 18. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiffs' amended motion to remand without prejudice, and GRANTS Defendants' motion to stay proceedings. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On July 3, 2013, Plaintiffs commenced the instant products liability action in the Superior Court of California, County of San Francisco, alleging that C.A. sustained birth defects as a result of his mother's use of the prescription antidepressant medication Zoloft during her pregnancy. Compl., Dkt. 1. On September 4, 2013, Defendants timely removed the action to this Court based on diversity jurisdiction, asserting that Plaintiffs fraudulently joined McKesson Corporation ("McKesson"), a non-diverse party, as a Defendant. Notice of Removal, Dkt. 1.

Due to the number of Zoloft products liability actions filed, the Judicial Panel on Multidistrict Litigation ("MDL Panel") established a Multidistrict Litigation ("MDL") court in the Eastern District of Pennsylvania to coordinate all product liability cases involving Zoloft or its generic equivalent, sertraline hydrochloride ("Zoloft MDL"). See In re Zoloft (Sertraline Hydrochloride) Products Liability Litigation, MDL No. 2342. On September 23, 2013, the MDL Panel issued a Conditional Transfer Order ("CTO") which conditionally transferred this case to the Zoloft MDL. Plaintiffs have filed a motion to vacate the CTO which is opposed by Defendants. The MDL Panel is scheduled to hear the parties' arguments regarding the transfer of this action to the Zoloft MDL on December 5, 2013.[1]

On October 8, 2013, Defendants filed a motion to stay this action pending a final decision by the MDL Panel as to whether this case should be transferred to the Zoloft MDL. Dkt. 18. Plaintiffs oppose Defendant's motion to stay, and have filed an amended motion to remand. Dkt. 16, 20. Defendants oppose the amended motion to remand. Dkt. 19.

## II. DISCUSSION

A district court has the inherent power to stay proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

---

[1] See http://www.jpml.uscourts.gov/hearing-information.

litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  A district court's decision to grant or deny a stay is a matter of discretion.  Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  In determining whether to stay proceedings pending a motion before the MDL Panel, the factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the nonmoving party.  Douglas v. Bristol-Myers Squibb Company, 2013 WL 4013901, at *1 (N.D. Cal. 2013); In re iPhone Application Litigation, 2011 WL 2149102, at *2 (N.D. Cal. 2011); see also Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

        The Court finds that the above-referenced factors weigh in favor of a stay.  A stay will avoid the possibility of inconsistent results and will conserve judicial resources by avoiding the needless duplication of work in the event this case is transferred to the Zoloft MDL.  It is undisputed that this action involves common issues with cases previously transferred to the Zoloft MDL, including the issue of whether McKesson is a fraudulently joined defendant.  Staying this case and permitting the MDL court to resolve the issue of fraudulent joinder globally, as opposed to adjudicating the issue prior to transfer, promotes judicial consistency and uniformity and avoids conflicting results.  Tucker v. Organon, 2013 WL 2255884, at *2 (N.D. Cal. 2013); see Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, at *2 (N.D. Cal. 2012) ("deference to the MDL court for resolution of a motion to remand often provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.' ").

        In addition, Defendants may suffer hardship and inequity if a stay is not imposed.  If this Court prematurely adjudicates Plaintiffs' motion to remand, Defendants may be forced to re-litigate issues before the MDL Panel or in state court.  Finally, there is no evidence that Plaintiffs will be unduly prejudiced or inconvenienced by a stay.  If this case is transferred to the Zoloft MDL, Plaintiffs can present their amended motion to remand to the MDL court.  On the other hand, if the case is not transferred, this Court will resolve Plaintiffs' amended motion to remand.  Furthermore, the MDL Panel has conditionally

transferred this matter to the Zoloft MDL and it is unlikely that a stay of this action will last long given that the MDL Panel is scheduled to hear arguments regarding the conditional transfer issue on December 5, 2013.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to stay is GRANTED.[2] This action is STAYED until the transfer matter is resolved by the MDL Panel. The parties shall file a joint notice with the Court within seven (7) days of the MDL Panel's ruling on whether this case will be transferred to the Zoloft MDL.

2. Plaintiffs' motion to remand is DENIED without prejudice to renewal in the event the action is not transferred to the Zoloft MDL.

3. The Case Management Conference scheduled for December 5, 2013 is VACATED.

4. This Order terminates Docket 16 and Docket 18.

IT IS SO ORDERED.

Dated: 11/15/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The Court's ruling is consistent with the decisions of other judges of this Court. See J.W. v. Pfizer, Inc., C 13-0318 YGR (N.D. Cal. Apr. 5, 2013) (Gonzalez-Rogers, J.); A.D. v. Pfizer, Inc., C 13-2466 JST (N.D. Cal. July 26, 2013) (Tigar, J.).