UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE)
PRODUCTS LIABILITY LITIGATION
C.A., et al. v. Pfizer, Inc., et al.,
   N.D. California, C.A. No. 4:13-04087             )
                                                    )         MDL No. 2342

4:13-4087

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order conditionally transferring this Northern District of California action (*C.A.*) to MDL No. 2342. Defendants Pfizer, Inc., J.B. Roerig & Co., Pfizer International LLC, and Greenstone LLC oppose the motion to vacate.

After considering all argument of counsel, we find that this action shares questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of this action to MDL No. 2342 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiff does not dispute that this action shares questions of fact with MDL No. 2342. Like many of the already-centralized actions, *C.A.* involves factual questions arising from allegations that plaintiff's child was born with birth defects as result of plaintiff ingesting Zoloft during pregnancy. *See In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 856 F. Supp. 2d 1347 (J.P.M.L. 2012).

In support of the motion to vacate, plaintiff argues that federal subject matter jurisdiction is lacking, and plaintiff's motion to remand to state court is pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan did not participate in the disposition of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 12/16/13
ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro          Charles R. Breyer
Sarah S. Vance             Ellen Segal Huvelle